# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**Terri Becca,**
**Claimant Below, Petitioner**

**vs.)**    **No. 21-0855**    (BOR Appeal No. 2056570)
                                        (Claim No. 2014027013)

**Eagle Manufacturing,**
**Employer Below, Respondent**


# MEMORANDUM DECISION


Petitioner Terri Becca appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"). Eagle Manufacturing did not file a response.[1] The issue on appeal is medical benefits. The claims administrator denied a request for the medications Movantik, Norco, Xtampza, and Narcan on October 27, 2020. The Workers' Compensation Office of Judges ("Office of Judges") affirmed the decision in its March 8, 2021, Order. The Order was affirmed by the Board of Review on September 20, 2021. Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the Board of Review's decision is appropriate. *See* W. Va. R. App. P. 21.

Ms. Becca, a laborer, injured her left wrist and arm when a block of material fell backwards, hyperextending her left wrist on March 4, 2014. On August 24, 2016, Ms. Becca sought treatment from William Abraham, M.D., for pain in her shoulder and cervical area that radiated to her arm and hand. Ms. Becca reported that she could not use her hand and upper extremity for any functional activities. Dr. Abraham diagnosed a work-related left wrist strain and upper extremity pain that resulted in symptoms consistent with complex regional pain syndrome. The claim was held compensable.

Bruce Guberman, M.D., performed an independent medical evaluation on October 11, 2018, in which he diagnosed a history of left hand and wrist sprain as well as complex regional pain syndrome. Dr. Guberman found that Ms. Becca had reached maximum medical improvement and opined that no further treatment or testing were likely to improve Ms. Becca's condition.

On October 14, 2020, Stephanie Le, M.D., requested authorization for Movantik, Norco, Xtampza, and Narcan for the diagnoses of chronic low back pain and chronic pain syndrome. Allison Brown, PA-C, performed a peer review report on request by the claims administrator. She

---

[1]Petitioner, Terri Becca, is represented by James D. McQueen Jr.

1

opined that the requested medications should not be authorized. Ms. Brown stated that Movantik is a second line treatment for constipation related to opioid use. She found no indication that Ms. Becca failed first line medication treatment and, therefore, the request should be denied. Regarding the medications Norco and Xtampza, Ms. Brown opined that West Virginia Code of State Rules § 85-20 ("Rule 20") requires documentation of meaningful pain relief, functional benefits, and an evaluation for compliance before such medications may be authorized. Ms. Becca did not undergo an opioid risk assessment. Further, she continued to have daily pain and the inability to use her left hand, and it was unclear if the opioid medications provided any pain relief. Finally, Ms. Brown noted that Rule 20 does not address the use of Narcan; however, the medication is used as a first line rescue for opioid overdose. Because the request for opioids was not supported by the evidence, Ms. Brown opined that authorization of Narcan should also be denied. On October 27, 2020, the claims administrator denied the request for Movantik, Norco, Xtampza, and Narcan.

On December 2, 2020, Dr. Le completed a narrative report in which she stated that Ms. Becca developed complex regional pain syndrome as a result of her compensable injury. Multiple treatments had failed such as occupational therapy, stellate ganglion block, SCS trial, and non-narcotic medications. Dr. Le stated that fentanyl patches and Norco helped control Ms. Becca's pain. Ms. Becca developed side effects from the fentanyl patches, so her opioid was changed to tamper resistant Xtampza. Dr. Le explained that Narcan was requested as overdose treatment per the recommendations from the Centers for Disease Control for patients on chronic opioid therapy. She also explained that Movantik is used to treat opioid-induced constipation and stated that Ms. Becca tried conventional treatment and medications. Dr. Le attached an October 9, 2019, drug monitoring report which stated that Ms. Becca tested positive for opioids and nortriptyline. The opioids were consistent with her prescribed medications, but the nortriptyline was not.

On December 3, 2020, Brittany Chipman, RN, performed a peer review report at the request of the claims administrator in which she opined that the requested medications should not be authorized. Regarding Movantik, Ms. Chipman found that the medication is a second-line treatment for opioid constipation and that Ms. Becca did not go through the required trial and failure of over-the-counter-medications. Regarding Norco and Xtampza, Ms. Chipman noted that the medications are opioids and ongoing usage of such medications require documentation of a pain contract and evidence of improvement in Ms. Becca's functions. Ms. Chipman found that the record contained no such documentation. Further, Ms. Becca did not undergo consistent reassessments. Finally, Ms. Chipman determined that since the request for opioids were unsupported, the request for Narcan, a first-line rescue for opioid overdose, was also unsupported.

In its March 8, 2021, order, the Office of Judges affirmed the claims administrator's denial of authorization of the medications Movantik, Norco, Xtampza, and Narcan. It found that Ms. Becca injured her left wrist and upper extremity in the course of her employment, but no evidence was submitted indicating the compensable conditions in the claim. The Office of Judges determined that Dr. Le requested authorization of the requested medications based on the diagnoses of chronic low back pain and chronic pain syndrome. There was no indication in the record that the lower back or chronic pain syndrome have been held compensable.

The Office of Judges determined that the request for Norco and Xtampza should also be denied because the medications are opioids and Ms. Becca failed to submit evidence showing she met the requirements of West Virginia Code of State Rules § 85-20-58.1, including a treatment plan with time-limited goals, a weaning schedule, an opioid agreement, and drug screenings. Further, West Virginia Code of State Rules § 85-20-60.1b states that opioid treatment is not authorized once a claimant has reached maximum medical improvement. Ms. Becca reached maximum medical improvement on October 11, 2018, as found by Dr. Guberman. The Office of Judges found that Ms. Becca failed to establish an extraordinary case which would require treatment beyond the guidelines. Lastly, the Office of Judges determined that the medications Movantik and Narcan were requested to treat opioid side effects and were also properly denied.

This Court may not reweigh the evidentiary record, but must give deference to the findings, reasoning, and conclusions of the Board of Review, and when the Board's decision affirms prior rulings by both the Workers' Compensation Commission and the Office of Judges, we may reverse or modify that decision only if it is in clear violation of constitutional or statutory provisions, is clearly the result of erroneous conclusions of law, or is based upon a material misstatement or mischaracterization of the evidentiary record. *See* W. Va. Code § 23-5-15(c) & (d). We apply a de novo standard of review to questions of law. *See Justice v. W. Va. Off. Ins. Comm'n*, 230 W. Va. 80, 83, 736 S.E.2d 80, 83 (2012).

After review, we agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review. West Virginia Code § 23-4-3(a)(1) provides that the claims administrator must provide medically related and reasonably required sums for healthcare services, rehabilitation services, durable medical and other goods, and other supplies. When the requested medication is an opioid, West Virginia Code of State Rules § 85-20-58.1 provides that

> No later than thirty days after the attending physician begins treating the worker with opioids for chronic, noncancer pain, the attending physician must submit a written report to the Commission, Insurance Commissioner, private carrier or self-insured employer, whichever is applicable, in order for the Commission, Insurance Commissioner, private carrier or self-insured employer, whichever is applicable, to pay for such treatment. The written report must include the following:
>
> > a. A treatment plan with time-limited goals, including a time schedule to wean the injured worker from opioid use;
> >
> > b. A consideration of relevant prior medical history;
> >
> > c. A summary of conservative care rendered to the worker that focused on reactivation and return to work;
> >
> > d. A statement on why prior or alternative conservative measures may have failed or are not appropriate as sole treatment;

e. A summary of any consultations that have been obtained, particularly those that have addressed factors that may be barriers to recovery;

f. A statement that the attending physician has conducted appropriate screening for factors that may significantly increase the risk of abuse or adverse outcomes (e.g., a history of alcohol or other substance abuse); and

g. An opioid treatment agreement that has been signed by the worker and the attending physician. This agreement must be renewed every six months. The treatment agreement must outline the risks and benefits of opioid use, the conditions under which opioids will be prescribed, the physician's need to document overall improvement in pain and function, and the worker's responsibilities.

Further, West Virginia Code of State Rules § 85-20-59 provides that

In addition to the general documentation required by the Commission, Insurance Commissioner, private carrier or selfinsured employer, whichever is applicable, the attending physician must submit the following information at least every sixty days when treating with opioids:

a. Documentation of drug screenings, consultations, and all other treatment trials;

b. Documentation of outcomes and responses, including pain intensity and functional levels; and

c. Any modifications to the treatment plan. The physician must document the patient's improvement in pain intensity and functional levels.

Ms. Becca has failed to show that the requested medications are necessary treatment for her compensable injury. The medications Norco and Xtampza are opioids and ongoing authorization of such medications requires extensive documentation including a treatment plan, a weaning plan, regular drug screenings, and statements from physicians. Ms. Becca provided no such documentation. Further, West Virginia Code of State Rules § 85-20-60.1b states that opioid treatment is not authorized once a claimant has reached maximum medical improvement, and Ms. Becca was found to be at maximum medical improvement on October 11, 2018. The medications Movantik and Narcan were requested to treat side-effects of routine opioid use. Because the request for opioids was denied, the denial of authorization of Movntik and Narcan were also properly denied.

Affirmed.

**ISSUED: September 14, 2023**


**CONCURRED IN BY:**

Chief Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn